UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CALVIN LEE GODDARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 18-575-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Calvin Lee Goddard, a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee. [Record No. 1] This matter is pending for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

Goddard seeks to bring a claim of inadequate access to a law library, which he claims constitutes a denial of access to the courts in violation of his constitutional

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

rights. [Record No. 1] Specifically, his petition alleges that recent changes to the controlled move schedule at FMC-Lexington have resulted in an improper loss of access to the prison law library. Goddard also challenges the adequacy of the materials available in the prison law library and further claims that he has been retaliated against because of his complaints regarding the law library closing early. Goddard claims that his habeas petition is appropriate under § 2241 because § 2241 "allows prisoners to challenge the conditions of confinement." [Record No. 1 at p. 1] He seeks injunctive relief requiring the respondents to update the law library to include certain legal materials and to adjust the time the law library is "called" to grant inmates at least three hours of "non-program" hours access. [Record No. 1 at p. 17]

Goddard may not pursue the above-identified allegations in this proceeding. From the face of Goddard's petition, it is apparent that he is actually asserting civil rights claims. And contrary to Goddard's belief, a federal prisoner may not use § 2241 to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Muhammed v. Close*, 540 U.S. 749, 750 (2004)("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on

circumstances of confinement may be presented in a § 1983 action."); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

Because the actions about which Goddard complains have no effect on the duration of his sentence, his claims must be pursued as civil rights claims under *Bivens*. Therefore, the Court will deny the petition without prejudice to Goddard's right to assert his claims in a civil rights proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, it is hereby

**ORDERED** as follows:

1. Goddard's petition for a writ of habeas corpus [Record No. 1] is **DENIED**, without prejudice.

2. This matter is **STRICKEN** from the Court's docket.

Dated: October 15, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge